**FILED**

# United States District Court

## Northern District of West Virginia

MAR **2 4** 2010

**U.S. DISTRICT COURT**
**CLARKSBURG, WV 26301**

In the Matter of the Search of
(Address or brief description of property or premises to be seized)

Charter One Bank/Citizens Bank -- CD bearing
account number 4546807776, balance being
$5,180.01

**APPLICATION AND AFFIDAVIT
FOR SEIZURE WARRANT**

CASE NUMBER:  *1:10mj 30*

I, Brian K. Purkey, being duly sworn depose and say:

I am a Lieutenant with the Bridgeport Police Department, currently assigned as Commander of the Harrison Lewis Drug and Violent Crime Task Force and have reason to believe that in the Northern District of Ohio, there is now certain property which is subject to forfeiture to the United States, namely (describe the property to be seized)

Charter One Bank/Citizens Bank  -- CD bearing account number 4546807776,
        balance being $5,180.01

which is subject to seizure for forfeiture under Title 21 USC § 881(b) and 21 U.S.C. § 853(f) and 18 USC § 981(b)(3)

concerning a violation of a Title 21 United States Code, Section(s) 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D) or a conspiracy to commit such a violation. The facts to support a finding of probable cause for issuance of a Seizure Warrant are as follows:

See Attached Affidavit

Continued on the attached sheet and made a part hereof.    ☐ Yes   ☐ No

Seizure Warrant being requested by
AUSA Shawn Morgan

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

*March 24, 2010*
Date

a t   Clarksburg, West Virginia
City and State

John S. Kaull, US Magistrate Judge
Name and Title of Judge

_____
Signature of Judge

## APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

I, Brian K. Purkey, being sworn, hereby state the following:

### Property to be Seized

1.      Based upon the information detailed below, I have probable cause to apply for a federal seizure warrant to seize the following person, place or thing:    The items listed in paragraph 4, below.

### Probable Cause Supporting the Seizure

2.      All of the information contained below is either personally known to me or, as will be noted, has been provided by other law enforcement officers, named witnesses, confidential sources, or was obtained through information which was previously subpoenaed or seized.

3.      The Harrison Lewis County Drug and Violent Crimes Task Force [HLDVCTF] currently is investigating Daniel Lee ARGUELLES a/k/a "Johnny", and others, for violations of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* involving Marijuana, a Schedule I controlled substance, Cocaine Hydrochloride, a Schedule II controlled substance, and Ecstasy [MDMA], a Schedule I controlled substance, in the Northern District of West Virginia. Particularly, the HLDVCTF is investigating ARGUELLES for violations of 21 U.S.C. §§ 841(a)(1) [Possession With Intent to Distribute and Distribution of Controlled Substances] and 846 [Drug Conspiracy].

4.      On March 18, 2010 at approximately 3:42PM, HLDVCTF officers, officers from the Medina County (Ohio) Drug Task Force, and agents from the Drug Enforcement Administration, executed a federal search warrant on ARGUELLES' residence in Cleveland, Ohio, and recovered documents denoting banking information regarding ARGUELLES, which reflected his course of dealings with Charter One Bank/Citizens Bank.

5.      On March 22, 2010, a federal Grand Jury subpoena was issued to the bank in an attempt to identify additional proceeds from the offenses identified in paragraph 3, above.  On March 23, 2010, Charter One Bank/Citizens Bank provided the following banking information regarding ARGULLES:

      a.      Charter One Bank/Citizens Bank -- CD bearing account number 4546807776, balance being $5,180.01

6.      On March 18, 2010, the agents and officers also seized from ARGUELLES' residence approximately eight (8) ounces of cocaine hydrochloride, two (2) firearms (including one (1) that ARGUELLES obtained in the Northern District of West Virginia from a subject whom ARGUELLES was supplying with controlled substances), and a large amount of United States currency.

7.     The property sought to be seized is subject to forfeiture, because there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture as "[a]ll moneys, negotiable instruments, securities, and things of value furnished and intended to be furnished by any person in exchange for a controlled substance...in violation of [ ] subchapter [I of Chapter 13 of Title 21 of the United States Code], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, securities, and things of value used and intended to be used to facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6).

8.     A protective order may not be sufficient to assure the availability of the property for forfeiture because, based upon my training and experience, a restraining order would not be sufficient to assure the availability of the property, that is, funds in a bank or other financial institution, for forfeiture. I am familiar with the decision in *U.S. v. Lewis*, 2006 WL 1579855, *5 (D.Minn. 2006), in which the Court found that funds on deposit in a financial institution "could be easily transferred and that the seizure warrant was necessary to insure that the funds would be available for later forfeiture." Similarly, I am aware of the circumstance in which a Savings and Loan Association inadvertently released funds that had been frozen by a judicial restraining order issued in this District in the case of *U.S. v. Burns*, No. 1:04CR45.

## Oath

The information in this affidavit is true to the best of my knowledge and belief.

Signature of affiant: _____

Brian K. Purkey
TF Commander/ Lieutenant
Harrison Lewis County Drug Task Force